UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUNTA DE DIRECTORES DEL CONDOMINIO ALTURAS DEL BOSQUE,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>    Defendant. | CIVIL NO. 15-1699 (PAD) |

**MEMORANDUM AND ORDER**

On September 5, 2014, plaintiff initiated this action against Doral Bank for collection of monies in the San Juan Part of the Puerto Rico Court of First Instance (Docket No. 10, Exh. 1 at pp. 50-53). On February 27 2015, while the action was pending, the Office of the Commissioner of Financial Institutions of Puerto Rico closed Doral and appointed the FDIC as Doral's receiver.

On May 28, 2015, the FDIC-R removed the action to this court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1) (Docket Nos. 1 at p. 1). Before the court is the "FDIC-R's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim" (Docket No. 12). The court ordered the plaintiffs to respond to the motion not later than February 8, 2016 (Docket No. 13). To date, they have not done so, nor requested an extension of time to comply with the court's order. For the reasons explained below, the FDIC-R's motion is GRANTED and the case DISMISSED.

**I. STANDARD OF REVIEW**

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit

the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F.Supp.2d 240 (D.P.R. 2012). The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

## II. DISCUSSION

The Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") provides that when the FDIC is acting as a conservator or receiver, it succeeds the insured depository institution as to all of its rights, titles, powers, privileges and assets. See, Font-Llacer-de-Pueyo v. F.D.I.C., 932 F.Supp.2d 265, 270 (D.P.R. 2013)(citing 12 U.S.C. § 1821(d)(2)(A)(i)). Additionally, FIRREA establishes a mandatory administrative claims process, which must be exhausted by every claimant seeking payment from the assets of the affected institution. See, Maldonado-Torres v. F.D.I.C. ex rel. R-G Premier Bank, 839 F.Supp.2d 511, 515 (D.P.R. 2012)(citing 12 U.S.C. § 1821(d)(13)(D)).[1] The administrative claims process, set forth in 12

---

[1] Section 1821(d)(13)(D) states:
    (D) Limitations on judicial review
    Except as otherwise provided in this subsection, no court shall have jurisdiction over—

Junta de Directores del Condominio Alturas del Bosque v. FDIC
Civil No. 15-1699 (PAD)
Memorandum and Order
Page 3

U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver. Rodriguez v. F.D.I.C., No. 10-1656, 2011 WL 4529929, at *3 (D.P.R. September 27, 2011). Compliance with and exhaustion of the administrative procedure is mandatory. See, Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992)(so stating).

With this background, the FDIC published notice to potential creditors and depositors of Doral in two (2) different newspapers, on three (3) different dates, namely, March 6, 2015, April 6, 2015, and May 5, 2015, informing that Doral had been closed, and any claim against the FDIC had to be filed with that institution not later than June 4, 2015 (Docket No. 12, Exh. 2 at ¶ 4). The FDIC also sent plaintiff a letter indicating the bar date, and informing it that the submission deadline was August 12, 2015. Id. at ¶ 2; Docket No. 12 at p. 3. The letter included instructions on how to complete the Proof of Claim Form; provided the address to which the document should be sent; and forewarned that failure to file any such claim before the Claims Bar Date would result in the final disallowance of the claim. Id., Exh. 3.

Notwithstanding the foregoing, plaintiff failed to submit the corresponding claims with the FDIC, such that it failed to comply with the administrative procedure set in 12 U.S.C. § 1821. Id. at ¶ 5. By extension, the court lacks subject-matter jurisdiction to entertain its claims against the FDIC-R. See, Simon v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995)(holding that "[f]ailure to comply with the [administrative claims review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution").

---

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
(ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D).

Junta de Directores del Condominio Alturas del Bosque v. FDIC
Civil No. 15-1699 (PAD)
Memorandum and Order
Page 4

### III. CONCLUSION

Accordingly, the FDIC's motion is GRANTED and the case is DISMISSED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of February, 2016.

                                                S/Pedro A. Delgado-Hernández
                                                PEDRO A. DELGADO-HERNÁNDEZ
                                                United States District Judge